1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| NICHOLAS ANTHONY PEDEN,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PRESLEY DETENTION CENTER; RIVERSIDE COUNTY,<br><br>Defendants. | Case No. ED CV 16-02316 RGK (AFM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On October 31, 2016, plaintiff, a state prisoner now held at the California Correctional Center in Susanville, CA, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California. On November 7, 2016, the case was transferred to the Central District of California under 28 U.S.C. §1406(a) because the cause of action arose in Riverside County, which is in the Central District. (ECF No. 6.) Plaintiff subsequently was granted leave to proceed without prepayment of the full filing fee. In the Complaint, plaintiff purported to raise one claim concerning alleged inadequate medical treatment for a pre-existing injury to his left hand while he was a detainee at the Robert Presley Detention Center in Riverside County, California. (ECF No. 1 at 3.) Plaintiff named as defendants the

Robert Presley Detention Center ("RPDC") and the County of Riverside ("County"), and he sought monetary damages. (*Id.* at 2, 6.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). ). Following careful review of the Complaint, the Court found that its allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, on December 12, 2016, the Complaint was dismissed with leave to amend, and plaintiff was ordered, if he wished to pursue the action, to file a First Amended Complaint no later than January 20, 2017. Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint, or failed to remedy the deficiencies of his pleading, the Court would recommend that this action be dismissed without leave to amend and with prejudice. (*See* ECF No. 12.)

On January 17, 2017, plaintiff filed a First Amended Complaint ("FAC"). In the FAC, plaintiff continues to name only the RPDC and the County as defendants. Plaintiff purports to raise one claim for deliberate indifference to his medical care. (ECF No. 13 at 3, 5.) Plaintiff seeks monetary damages and injunctive relief to be provided "adequate reconstructive surgery." (*Id.* at 8.) Once again, in accordance with the mandate of the PLRA, the Court has screened the FAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)).  In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the

opposing party to be subjected to the expense of discovery and continued litigation").

After careful review and consideration of the FAC under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted.  Accordingly, the FAC is dismissed with leave to amend.  *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than March 3, 2017, remedying the deficiencies discussed below.**  Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies discussed herein, the Court may recommend that this action be dismissed without leave to amend and with prejudice.[1]

///

///

///

---

[1]   Plaintiff is advised that this Court's determination herein that the allegations in the First Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim.  Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action.  However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

# DISCUSSION

**A.** **Plaintiff's allegations are insufficient to state a claim against either named defendant.**

In the FAC, plaintiff once again only names as defendants the RPDC and the County.  As the Court previously apprised plaintiff, in order to state a claim against local government entities (as opposed to a claim against specific individual health care personnel working for the RPDC or the County), a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").  Here, the FAC fails to set forth any allegations that any specific policy or custom by a government entity was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation.").  In addition, liability against a local government entity for implementation of an improper custom may not be premised on an isolated incident. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other*

*grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc).  In attempting to assert a claim against the two local governmental entities, plaintiff's FAC fails to set forth any factual allegations concerning any practice or custom that he alleges was a "traditional method of carrying out policy."

The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt.  *See Karim-Panahi*, 839 F.2d at 623; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original).  That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants").  Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-56).

Accordingly, the Court finds that plaintiff's factual allegations in the FAC, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge any federal civil rights claim against the RPDC or the County "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

## B. Plaintiff's allegations in the FAC are insufficient to state a federal civil rights claim for inadequate medical care.

In the FAC, plaintiff purports to raise one claim for a lack of "adequate medical attention" for his left hand.  (ECF No. 13 at 5.)  Such a claim by a pretrial detainee would arise under the Fourteenth Amendment's Due Process Clause rather

than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). Nevertheless, with respect to a claim of constitutionally inadequate medical care, the deliberate indifference standard of the Eighth Amendment applies to pretrial detainees. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-42 (9th Cir. 2010) ("the 'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees"), *overruled in part by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (holding that the Fourteenth Amendment's "objective standard" set forth in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), applies to a pretrial detainee's failure-to-protect claim).

In order to establish a claim for inadequate medical care, a prisoner or detainee must show that a specific defendant was deliberately indifferent to his or her serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

First, to meet the objective element of a deliberate indifference claim, "a plaintiff must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 946 (2015) (internal quotation marks omitted).

Second, to meet the subjective element, "a prisoner must demonstrate that the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*,

391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. *See Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Here, the FAC alleges that plaintiff was "ordered" by a judge at unspecified "court hearings" to "see medical staff" for unspecified treatment. (ECF No. 13 at 5.) Plaintiff alleges that this "did not happen," but he fails to allege that any specific individual employed by the County or the RPDC was subjectively aware of any court order at any time, or that plaintiff was suffering from any serious medical need that required treatment in response to the court's order. Further, although plaintiff alleges that the "hard cast" that he had had applied "two weeks before [his] incarceration" was to be removed "in six weeks," he does not allege that any defendant was subjectively aware of any physician's instruction regarding removal of the cast. (*Id*.) Plaintiff also sets forth conclusory allegations that he "was not given treatment" and that the "medical staff" at the RPDC and the "floor staff" at

the County failed to provide "adequate medical services in a timely and efficient manner," but he fails to set forth any factual allegations that he sought medical treatment at any specific time from any specific individual. (*Id*. at 6.) Accordingly, the factual allegations of the FAC are entirely insufficient to raise a reasonable inference that any specific individual at the RPDC or the County was subjectively aware of any serious medical need.

In addition, the FAC fails to set forth any factual allegations concerning the medical treatment that plaintiff did receive while in the custody of defendants that plaintiff feels was inadequate. The Court does not accept as true conclusory statements without supporting factual allegations. *See, e.g., Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible"). If plaintiff wishes to proceed with a claim arising from constitutionally inadequate medical care, he must set forth factual allegations that specific individuals at specific times were subjectively aware of a serious medical need concerning plaintiff's left hand. "[C]onclusory allegations and generalities, without any allegation of the specific wrongdoing" by individuals are insufficient to allege a federal civil rights claim. *See, e.g., Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (finding that "conclusory allegations and generalities, without any allegation of the specific wrong-doing by each Defendant," are insufficient to establish individual liability under 42 U.S.C. § 1983). Further, to the extent that plaintiff is purporting to allege that the medical care that he received was constitutionally inadequate, he must allege that the chosen course of treatment was "medically unacceptable" and chosen "in conscious disregard of an excessive risk" to plaintiff's health. *See, e.g., Toguchi*, 391 F.3d at 1058. Plaintiff's own difference of opinion with medical staff about what would have constituted the best course of treatment for his medical condition is insufficient to show that an official acted with deliberate indifference. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1217

(9th Cir 2014) (prisoner's difference of opinion as to his medical treatment "is not actionable").

Accordingly, the Court finds that plaintiff's allegations in the FAC, even when taken as true and construed in the light most favorable to plaintiff, are insufficient to plausibly suggest an entitlement to relief. *See, e.g., Starr*, 652 F.3d at 1216.

**C.    Plaintiff's request for injunctive relief has become moot.**

Plaintiff's FAC requests injunctive relief regarding the provision of specific medical care for his left hand. (ECF No. 13 at 8.)  In general, when an inmate challenges the conditions of confinement at a particular correctional facility, but he has been transferred from that facility and alleges no reasonable expectation of returning, his claim for injunctive relief has become moot. *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (inmate's transfer from an institution while his claims are pending will generally moot any claims for injunctive relief).  In this case, plaintiff alleges that he received inadequate medical treatment from the County and the RPDC. However, plaintiff now is being held in the custody of the California Department of Corrections and Rehabilitations.  Plaintiff does not set forth any factual allegations giving rise to a reasonable expectation that he will return to the custody of the County.  Further, the FAC names as defendants only the RPDC and the County, but these local government entities no longer have any authority in determining plaintiff's medical care.  Because plaintiff has not named any defendant with the present ability to determine plaintiff's medical care, this Court lacks jurisdiction to issue the requested injunction relief. *See, e.g., Zepeda v. United States Immigration & Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter

jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

\*\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than March 3, 2017, remedying the pleading deficiencies discussed above.** The Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original complaint, any amended complaint, or any attachment or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: January 24, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

11