# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| NICHOLAS ANTHONY PEDEN, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT PRESLEY DETENTION CENTER; *et al.*, <br><br> Defendants. | Case No. ED CV 16-02316 RGK (AFM) <br><br> **ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On October 31, 2016, plaintiff, a state prisoner now held at the California Institution for Men in Chino filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California. On November 7, 2016, the case was transferred to the Central District of California under 28 U.S.C. § 1406(a) because the cause of action arose in Riverside County, which is in the Central District. (ECF No. 6.) Plaintiff subsequently was granted leave to proceed without prepayment of the full filing fee. In the Complaint, plaintiff purported to raise one claim concerning alleged inadequate medical treatment for a pre-existing injury to his left hand while he was a detainee at the Robert Presley Detention Center in Riverside County, California. (ECF No. 1 at 3.) Plaintiff named as defendants the

Robert Presley Detention Center ("RPDC") and the County of Riverside ("County"), and he sought monetary damages. (*Id.* at 2, 6.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). Following careful review of the Complaint, the Court found that its allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, on December 12, 2016, the Complaint was dismissed with leave to amend, and plaintiff was ordered, if he wished to pursue the action, to file a First Amended Complaint no later than January 20, 2017. Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint, or failed to remedy the deficiencies of his pleading, the Court would recommend that this action be dismissed without leave to amend and with prejudice. (*See* ECF No. 12.)

On January 17, 2017, plaintiff filed a First Amended Complaint ("FAC"). In the FAC, plaintiff continued to name only the RPDC and the County as defendants. Plaintiff purported to raise one claim for deliberate indifference to his medical care. (ECF No. 13 at 3, 5.) Plaintiff sought monetary damages and injunctive relief to be provided "adequate reconstructive surgery." (*Id.* at 8.) Once again, in accordance with the mandate of the PLRA, the Court screened the FAC for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. Following careful review of the FAC, the Court found that its allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, on January 24, 2017, the FAC was dismissed with leave to amend, and plaintiff was ordered, if he wished to pursue the action, to file a Second Amended Complaint no later than March 3, 2017. Further, plaintiff was

admonished that, if he failed to timely file a Second Amended Complaint, or failed to remedy the deficiencies of his pleading, the Court would recommend that this action be dismissed without leave to amend and with prejudice. (*See* ECF No. 15.)

On March 2, 2017, plaintiff filed a Second Amended Complaint ("SAC") (ECF No. 17) in which he names as defendants the RPDC, the County, Wasco State Prison ("Wasco"), and the California Department of Corrections and Rehabilitation ("CDCR"). (*Id.* at 3-4.) Plaintiff purports to raise one claim under the Fourteenth Amendment for inadequate medical care. (*Id.* at 5.) In his SAC, plaintiff seeks monetary compensation. (*Id.* at 20.) Once again, in accordance with the mandate of the PLRA, the Court has screened the SAC for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original).

After careful review and consideration of the SAC under the foregoing standards, the Court finds that plaintiff's allegations once again appear insufficient to state any claim on which relief may be granted. Because plaintiff is an inmate proceeding *pro se* herein, the Court will provide one additional opportunity for amendment. Accordingly, the SAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than May 31, 2017, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies discussed herein, the Court may recommend that this action be dismissed without leave to amend and with prejudice.[1]

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Second Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to

# DISCUSSION

## A. Plaintiff is barred by the Eleventh Amendment from raising federal civil rights claims against the CDCR or Wasco.

Plaintiff's SAC now names as defendants the CDCR and Wasco. However, the Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). In addition, "the eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Engineering v. Univ. of Calif., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983.

The CDCR and any of its prisons are state agencies that are immune from civil rights claims raised pursuant to § 1983. *See Pennhurst*, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim

---

omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Third Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

for injunctive relief against Alabama and its Board of Corrections). Accordingly, plaintiff may not proceed with any civil rights claims against the CDCR or Wasco.[2]

### B. Plaintiff's allegations are insufficient to state a claim against the RPDC and the County.

In the SAC, plaintiff names as defendants the RPDC and the County. As the Court previously has apprised plaintiff, in order to state a claim against local government entities (as opposed to a claim against an individual health care provider working for the RPDC or the County), a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").

Here, the SAC fails to set forth allegations that any specific policy or custom by the RPDC or the County was the "actionable cause" of his constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against a local government

---

[2] Further, to the extent that plaintiff may wish to raise a claim for inadequate medical care against individual officers at Wasco (or the California Correctional Center ("CCC") at Susanville where plaintiff also has been held), venue for such claims is not proper in this District. Pursuant to 28 U.S.C. §84(b) and §1406(a), venue for any claims that plaintiff may wish to raise concerning the medical care that he received at Wasco, which is located in Kern County, or at the CCC, which is located in Lassen County, is proper only in the Eastern District of California.

entity for implementation of an improper custom may not be premised on an isolated incident. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). In attempting to assert a claim against two local governmental entities, plaintiff's SAC fails to set forth any factual allegations concerning any specific practice or custom that he alleges was a "traditional method of carrying out policy."

The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt. *See Hebbe*, 627 F.3d at 342; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants"). Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-56).

Accordingly, the Court finds that plaintiff's factual allegations in the SAC, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge any federal civil rights claim against the RPDC or the County

"across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### C. **Plaintiff's allegations in the SAC remain insufficient to state any federal civil rights claim for inadequate medical care.**

In the SAC, plaintiff once again purports to raise one claim for a lack of "adequate medical care" for his left hand. (ECF No. 17 at 5.) Such a claim by a pretrial detainee would arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). Nevertheless, with respect to a claim of constitutionally inadequate medical care, the deliberate indifference standard of the Eighth Amendment applies to pretrial detainees. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-42 (9th Cir. 2010) ("the 'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees"), *overruled in part by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (holding that the Fourteenth Amendment's "objective standard" set forth in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), applies to a pretrial detainee's failure-to-protect claim), *cert. denied*, 137 S. Ct. 831 (2017).

In order to establish a claim for inadequate medical care, a prisoner or detainee must show that a specific defendant was deliberately indifferent to his or her serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

First, to meet the objective element of a deliberate indifference claim, "a plaintiff must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 946 (2015) (internal quotation marks omitted).

Second, to meet the subjective element, "a prisoner must demonstrate that the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. *See Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Here, the SAC alleges generally that the RPDC and the County "are responsible for the actionable cause of the permanent deformity" in plaintiff's hand. (ECF No. 17 at 5.) Plaintiff also alleges that he was told by an unidentified

"therapist" at an unspecified time that "removal of the cast is in part of what is responsible for the improper healing" of his hand. (*Id.* at 6.) Plaintiff states that he is "working on a statement . . . to provide factual content in written form" (*id.* at 7), but the SAC once again fails to set forth any specific facts concerning what medical treatment he received, at what time, and by which official(s). Plaintiff states in his SAC that he is "incapable of" setting forth "allegations that [he] sought medical treatment" (*id.* at 18-19), but plaintiff must set forth sufficient factual allegations to raise a reasonable inference that a specific person at the RPDC or the County was subjectively aware of plaintiff's serious medical need at a specific time while plaintiff was in the custody of the RPDC.

Further, plaintiff's SAC once again sets forth only conclusory allegations, such as that unidentified individuals did not remove his cast (*id.* at 9), that "medical and floor staff" failed to provide treatment "even after the judges [sic] orders" (*id.* at 13), a "lack of urgency" occurred even after he filed unidentified "grievances" (*id.*), and that "both delay and interference occurred" (*id.* at 14), but plaintiff fails to set forth any factual allegations that he ever was refused medical treatment at any specific time while he was held at the RPDC. Further, although the Court has admonished plaintiff that he must allege that a specific individual employed by the County or the RPDC was aware of any order issue by any court concerning plaintiff's medical treatment (*see, e.g.*, ECF No. 15 at 8), plaintiff's fails to set forth any factual allegations concerning any order issued by a judge.

The Court does not accept as true conclusory statements without supporting factual allegations. *See, e.g., Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible"). If plaintiff wishes to proceed with a claim arising from constitutionally inadequate medical care, he must set forth factual allegations that specific individuals at specific times were subjectively aware of his serious medical condition. "[C]onclusory

allegations and generalities, without any allegation of the specific wrongdoing" by individuals are insufficient to allege a federal civil rights claim. *See, e.g., Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (finding that "conclusory allegations and generalities, without any allegation of the specific wrong-doing by each Defendant," are insufficient to establish individual liability under 42 U.S.C. § 1983). Further, to the extent that plaintiff is purporting to allege that the medical care that he did receive while at the RPDC was constitutionally inadequate, he must allege facts about the medical care which plausibly suggest that the chosen course of treatment was "medically unacceptable" and chosen "in conscious disregard of an excessive risk" to plaintiff's health. *See, e.g., Toguchi*, 391 F.3d at 1058. Plaintiff's own difference of opinion with medical staff about what would have constituted the best course of treatment for his medical condition is insufficient to show that an official acted with deliberate indifference. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1217 (9th Cir. 2014) (prisoner's difference of opinion as to his medical treatment "is not actionable"). To be clear, plaintiff does not need to obtain opinions of medical experts at this stage, but he must make factual allegations regarding what treatment was provided by what medical providers (with knowledge of his serious medical condition) at particular points in time. Plaintiff should be able to make those basic factual allegations even without possession of all of his medical records.

Accordingly, the Court finds that plaintiff's allegations in the SAC, even when taken as true and construed in the light most favorable to plaintiff, are insufficient to plausibly suggest an entitlement to relief.

\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff still desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than May 31, 2017, remedying the pleading deficiencies discussed above.** The Third Amended Complaint should bear the docket number assigned in this case; be labeled "Third Amended

11

Complaint"; and be complete in and of itself without reference to the original complaint, any amended complaint, or any attachment or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Third Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: April 12, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE